Argued March 14; affirmed November 12, 1930.

## PHILLIPS ET AL. *v.* STEEN ET AL.

(292 P. 1037)

John A. Lee of Portland for appellants.

Robert F. Maguire of Portland (Winter & Maguire of Portland on the brief) for respondents.

BEAN, J. This is a suit to have a deed declared to be a mortgage. Plaintiffs allege that the defendants wrongfully sold the property and ask for a decree against defendants for the difference between the value of the property and the amount of the loan and certain sums which were paid by defendants in discharging a prior lien upon the premises.

Plaintiff R. E. Phillips was the owner of lots 17 and 18 in block 16, North Portland. Phillips had borrowed some $2,750 from H. H. Daniels and secured the same by a trust deed of the property and was paying it off at the rate of $250 per month. The Daniels note was in the possession of the United States National Bank, and the payments on two adjoining lots sold by Phillips to Pederson and Mauseth on contract, were being made there, which payments were applied on the Daniels note.

Phillips and Steen are brothers-in-law, Mrs. Steen being Mrs. Phillips' sister. In April, 1926, defendant Steen had a mortgage of $10,000 coming due on his Grand Avenue property and mentioned the matter to Phillips in regard to refinancing it. Phillips mentioned the firm of Strong & MacNaughton as likely to make the loan. Phillips also suggested to Steen that he might as well borrow $15,000, and if he would loan Phillips the $5,000 excess, the latter would deed him the property in question as security. This, as Phillips contends, Steen agreed to do. Phillips, on behalf of Steen, tried to get the loan of $15,000, but Strong & MacNaughton would only loan $12,500. This was reported to Steen and it was agreed that the loan should be made and that Steen would loan Phillips the excess and the latter should give a deed to the Wilson Street property, which is in question, as security, paying 6½ per cent interest. At Steen's suggestion, Phillips went to D. A. Tufts, an attorney, and gave him the data for the deed. Tufts drew the deed, which is dated May 3, 1926, and signed and acknowledged by Mr. and Mrs. Phillips. He also drew a contract for the reconveyance of the lots on payment of $2,500 by the Phillips to the Steens, which was the same as the consideration mentioned in the deed. The contract of sale or reconveyance made in duplicate was signed by Mr. and Mrs. Phillips, but Mrs. Phillips indicated that she did not like to present a paper like that to the defendants, as they would think they did not trust them with the trust deed. The plaintiffs made payments on the Daniels note so as to reduce it to the sum of $945. The deed was executed several days before the loan to Steen was adjusted, and after paying the $10,000 note which Steen desired to pay, and expenses and commission for the loan, making a total of $297.10,

there remained $2,164.02, which was paid by check to plaintiffs, which constituted the loan from Steen.

The testimony shows that the deed from plaintiffs to defendants, which is absolute upon its face, was in effect a mortgage to secure the payment of that sum, together with interest at the rate of 6½ per cent per annum. The defendants sold the property in question for $7,250, without the knowledge or consent of the plaintiffs.

The trial court found that this was the reasonable market value of the property; that the instrument in the form of an absolute deed given by plaintiffs to defendants upon the lots described is, as between plaintiffs and defendants, a mortgage given for the purpose of securing the payment of the loan mentioned, and that by reason of the wrongful sale of the property by defendants they are in equity bound to account to plaintiffs for the reasonable value thereof, less $362.50 paid as commissions, together with interest on the balance at the rate of 6 per cent from February 7, 1928. The trial court rendered a decree in favor of plaintiffs against defendants in the sum of $2,997.95, together with interest thereon at the rate of 6 per cent per annum from the 26th of April, 1929.

It is asserted by defendants that to prove a deed, absolute on its face, is in reality a mortgage, the evidence should be clear and satisfactory, citing L. R. A. 1916B, p. 192; 1 Jones on Mortgages (8th Ed.), p. 466; *Albany & S. W. D. Co. v. Crawford,* 11 Or. 243 (4 P. 113); *Elliott v. Bozorth,* 52 Or. 391 (97 P. 632); *Blackwell v. Johnson,* 127 Or. 673 (273 P. 332).

The testimony in this case fully complies with the rule suggested. A careful reading of the testimony thoroughly satisfies us that the deed mentioned was

in reality a mortgage. The encumbrance of $945 upon the property in question and expenses of negotiating the loan, at the initiation of the transaction, were all adjusted by the trial court in arriving at the amount of the decree.

The defendants contend that the plaintiff R. E. Phillips wilfully deceived defendant E. R. Steen as to the amount of the mortgage or trust deed encumbrance on the property deeded to defendants, and that the court erred in declining to find that on account of such deceit plaintiffs were entitled to no relief in equity. We are unable to so construe the testimony as to accede to this claim of defendants. The equities are with the plaintiffs. A detailed account of this unfortunate dispute between relatives would be of no advantage to them or to anyone.

The decree of the circuit court was right and is affirmed.

COSHOW, C. J., BROWN and BELT, JJ., concur.